

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Brandon Moore*
*Assistant United States Attorney*
*Brandon.Moore@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4826*
*MAIN: 410-209-4800*
*FAX: 410-962-0717*

November 5, 2021

Hon. Ellen L. Hollander
United States District Judge
Edward A. Garmatz United States Courthouse
101 W. Lombard St.
Baltimore, Maryland 21201

      Re:    United States v. James Ian Piccirilli,
                  Criminal No. ELH-20-0361

Dear Judge Hollander:

We write in advance of the sentencing hearing for Defendant James Ian Piccirilli, currently scheduled for November 19, 2021. For the reasons explained below, the government believes that 46 months' imprisonment, consecutive to his underlying 30-month sentence, is sufficient but not more than necessary to meet the aims of 18 U.S.C. § 3553(a).

## I.    FACTS AND PROCEDURAL HISTORY

Piccirilli has "a wealth of knowledge and expertise in firearms engineering, and he has used this experience in designing and enhancing firearm aspects for law enforcement and the military." Presentence Report ("PSR") ¶¶ 63, ECF No. 65. His previous employment includes roles in overseas contracting and serving as the director of firearms technology for Federal Firearms Licensees. *Id.* ¶ 66. He also was a police officer for seven years. *Id.*

In 2019, Piccirilli was convicted of possessing an unregistered National Firearms Act ("NFA") firearm after he tried to sell a short-barreled rifle that had been modified to be fully automatic to an undercover agent. Rather than serve his sentence, he fled. Following an eight-month search, investigators arrested Piccirilli with his girlfriend, Kellie Warfield, in New Salisbury, Indiana.

Investigators searched the couple's truck and found a fully loaded Polymer80 pistol and two more fully loaded magazines belonging to Piccirilli. Inside the couple's camper, investigators found a rifle that had been modified to be fully automatic and more ammunition belonging to Piccirilli. A witness gave investigators a handgun and a silencer, which also belonged to Piccirilli.

On September 20, 2021, Piccirilli pled guilty to failing to surrender for service of sentence in violation of 18 U.S.C. § 3146(a)(2). He executed a written plea agreement under Rule 11(c)(1)(C) in which the parties agree that 30 to 46 months' imprisonment is appropriate.

## II.   GUIDELINES COMPUTATIONS

The government agrees with the Guidelines calculation in the PSR. Piccirilli's Guidelines are 37 to 46 months based on a final offense level 19 and a Criminal History Category III. *See* PSR ¶¶ 33, 39, 73. Any sentence imposed here must be consecutive to his underlying sentence. *Id.* ¶ 72.

## III.  SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a).

The government believes that 46 months' imprisonment is appropriate under § 3553(a).

The nature and circumstances of the offense are quite serious, particularly within the context of Piccirilli's history and characteristics. Congress enacted a particularized set of firearms registration laws to keep people safe. *See Staples v. United States*, 511 U.S. 600, 622 (1994) (Ginsburg, J., concurring) (explaining that NFA firearms are ones that Congress "considered especially dangerous"). Through his specialized training and experience, Piccirilli knew about those laws and simply chose to ignore them. When the executive and judicial branches tried to hold him accountable, Piccirilli ignored them, too.

Even more troublesome: While on the run, Piccirilli engaged in the very same dangerous conduct in open disregard for the law and the Court. He illegally obtained another fully automatic firearm and silencer, both of which were highly regulated under the NFA. He had also gotten his hands on a Polymer80 pistol. Polymer80 is a company that sells, among other things, firearms parts that allow people to manufacture "ghost guns" at home. Ghost guns are "made from partially built frames, which are drilled and assembled into fully operational guns, thus evading serializing, registration, and purchasing regulations." *United States v. Decoteau*, 525 F. Supp. 3d 268, 270 (D. Mass. 2021).

NFA firearms and ghost guns are dangerous for obvious reasons. But the guns are not the problem here. The problem is the repeated ways that Piccirilli tried to skirt the law and the Court.

There were plenty of lawful options at Piccirilli's disposal. If someone doesn't like a restrictive gun law, he can vote. He can lobby his legislators. He can challenge its validity in court, as many others have done time and again. *See, e.g., District of Columbia v. Heller*, 554 U.S. 570, 574 (2008) (challenging the District of Columbia's general handgun prohibition); *Kolbe v. Hogan*, 849 F.3d 114, 120 (4th Cir. 2017) (en banc) (challenging Maryland's assault rifle ban).

If a defendant doesn't like the outcome of his case, he can appeal or file post-conviction motions. Numerous defendants have challenged their firearms convictions in that fashion. *See, e.g., Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (arguing that he did not know that he

belonged to the relevant category of persons barred from possessing a firearm); *United States v. Chester*, 628 F.3d 673, 674 (4th Cir. 2010) (arguing that his firearms conviction violated his Second Amendment rights).

From his time in law enforcement, Piccirilli must have been well aware of the judiciary's function in the criminal process. Yet, Piccirilli used none of those options. His conduct showed an enormous disrespect, not just for our laws, but also for the institutions that enforce them. It showed an enormous disrespect for this Court. That is simply not acceptable within our system of government. And it warrants an equally serious sentence.

## IV.   CONCLUSION

In light of those factors, the government believes 46 months' imprisonment is sufficient but not greater than necessary to accomplish the purposes of § 3553(a).

Very truly yours,

Erek L. Barron
United States Attorney

/s/
Brandon Moore
Patricia McLane
Assistant United States Attorney

cc:   Nate Smith, Esq.
      Adam Smith, U.S. Probation Officer